In Re AMERICAN INTERNATIONAL GROUP, INC SECURITIES LITIGATION.

Alan Rothstein, Mollye Rothstein, Objectors–Appellants,

Marisa Rothstein, Sharyn Rothstein, Objectors,

v.

Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, Ohio Police and Fire Pension Fund, Plaintiffs–Appellees,

and

Public Employees Retirement Association of New Mexico, Michael Feder, on behalf of himself and all others similarly situated, Public Employees' Retirement System of Mississippi, Je-

rome Noll, Individually and on behalf of all others similarly situated, Stephan Frank, on behalf of himself and all others similarly situated, Joseph Scuilla, Eugene Olson, Robert J. Casey, II, on behalf of himself and all others similarly situated, Lisa M. Crouch, on behalf of herself and all others similarly situated, Michael Cassidy, on behalf of herself and all others similarly situated, Anne E. Flynn, Robert D. Jaffee Ira Rollover, Robert D. & Phyllis A. Jaffee Family Foundation, Robert D. Jaffe, as Trustee of the Robert D. Jaffee Revocable Trust, San Francisco Employees' Retirement System, Plaintiffs,

v.

Pricewaterhousecoopers LLP, Defendant–Appellee,

and

Maurice Greenberg, Howard Smith, Thomas Tizzio, Martin J. Sullivan, Christian Milton, Frank J. Hoenemeyer, Axel I. Freudmann, Richard A. Grosiak, Donald P. Kanak, Patricia R. Mccann, Starr International Company, Inc., Corinne P. Greenberg, Maurice R. Hank Greenberg, C.V. Starr & Co., Inc., Michael J. Castelli, Citigroup Global Market, Fka Salomon Smith Barney, Goldman Sachs & Co., Jp Morgan Chase & Co., Merrill Lynch and Company, Morgan Stanley, Michael L. Murphy, Richmond Insurance Company, Limited, Union Excess Reinsurance Company, Incorporated, Evan Greenberg, Eli Broad, Axa Financial, Inc., Wachovia Securities, Inc., John A. Graf, American Interna-

tional Group, Inc., General Reinsurance Corporation, Ronald Ferguson, John Houldsworth, Richard Napier, Defendants,

and

Complete Claims Solutions, LLC, Claims Administrator– Appellee.

No. 10–5038.

United States Court of Appeals, Second Circuit.

Feb. 15, 2012.

N. Albert Bacharach, Jr., Gainesville, FL, for Appellant.

Thomas G. Rafferty, (Antony L. Ryan, on the brief), Cravath, Swaine & Moore LLP, New York, NY, for Defendant–Appellee, PricewaterhouseCoopers LLP.

Thomas A. Dubbs, (Louis Gottlieb, Barry Michael Okun, on the brief), Labaton Sucharow LLP, New York, NY, for Appellees–Plaintiffs, Ohio State Funds; Co–Lead Counsel to the Class.

Alan S. Kopit, Hahn Loeser & Parks LLP, Cleveland, OH, Special Counsel to the Attorney General of Ohio and the Appellees–Plaintiffs, Ohio State Funds; Co–Lead Counsel to the Class.

PRESENT: RICHARD C. WESLEY, SUSAN L. CARNEY, Circuit Judges, and ROSLYNN R. MAUSKOPF District Judge.*

* Judge Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Objector–Appellants, the Rothsteins, appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*), overruling their objection and approving a settlement between Plaintiffs–Appellees and Defendants–Appellees. We assume the parties' familiarity with the underlying facts and procedural history.

The Rothsteins appeal the district court's denial of their objection to the settlement on the basis of a purportedly defective Notice of Settlement. They argue that the Notice of Settlement failed to satisfy the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") because it did not include a statement from each party regarding the amount of damages per share each believed would be recoverable if plaintiffs were to prevail on each claim. The plain language of 15 U.S.C. § 78u–4 (a)(7)(B)(ii), on which the Rothsteins rely, however, does not require that the parties provide their respective views about recoverable damages in the event they disagree about the amount recoverable. Rather, the plain language of the PSLRA clearly requires an amount recoverable be provided *only* in the case that the parties agree on that amount. 15 U.S.C. § 78u–4 (a)(7)(B)(i). Here, the parties disagreed about damages recoverable, making 15 U.S.C. § 78u–4 (a)(7)(B)(ii) rather than (B)(i) applicable. 15 U.S.C. § 78u–4(a)(7)(B)(ii) only requires parties who disagree regarding the amount of damages per share to provide "a statement from each settling party concerning the issue or issues on which the parties disagree." The Notice of Settlement complied with the PSLRA in this regard. 15 U.S.C. § 78u–4(a)(7)(B)(ii) required no more.

The Rothsteins' interpretation of the statute contradicts the statute's plain language and finds no support in the precedent of this or any other circuit. We decline to read into the PSLRA a requirement that Congress did not include. *See Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). The district court properly overruled the Rothsteins' objection.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**